UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM JOSEPH BOWES,

    Plaintiff,

v.                                  Case No: 6:18-cv-349-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3) (the "Act"), to obtain judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for Childhood Disability Insurance Benefits and Supplemental Security Income ("SSI") under the Act. Upon review, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**.

### Background[1]

On October 20, 2013 and March 7, 2014, Plaintiff applied for Childhood Disability Insurance benefits and SSI under Titles II and XVI of the Act, 42 U.S.C. §§ 416 and 423, alleging disability beginning November 1, 2004 (Tr. 193- 203). Born on December 23, 1993, Plaintiff was ten years old on his alleged onset date (Tr. 32), and over eighteen years old at the time he filed the instant applications.

Plaintiff claimed that he was disabled due to bipolar disorder and oppositional

---

[1] The information in this section comes from the parties' joint memorandum (Doc. 21).

defiance disorder (Tr. 226). His claims were denied initially and on reconsideration (Tr. 106-11, 116-118, 120-130). Plaintiff requested and received a hearing before an administrative law judge ("the ALJ") (Tr. 131-133, 44-65). On March 14, 2017, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 19-33). The Appeals Council denied Plaintiff's request for review (Tr. 2-7), making the ALJ's March 14, 2017 decision the final decision of the Commissioner.

Plaintiff brings this action after exhausting his available administrative remedies. This dispute has been fully briefed and was referred to me for a report and recommendation.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process published in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that the claimant can perform. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

In this case, the ALJ performed the required sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date (Tr. 24). At step two, the ALJ determined that Plaintiff suffered from the severe

impairments of affective disorder and personality disorder (20 C.F.R. §§ 404.1520(c) and 416.920(c)) (Tr. 24). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 25-27).

Next, the ALJ decided that Plaintiff had the residual functional capacity[2] to perform

> a full range of work at all exertional levels but with no more than simple routine tasks that require no exposure to the general public and only occasional collaboration with co-workers and supervisors in an environment that essentially stays the same with only occasional changes and requires no independent goal setting.

(Tr. 27).

At step four, the ALJ determined that Plaintiff had no past relevant work (Tr. 31). Based on the testimony of a vocational expert, the ALJ concluded at step five that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (Tr. 32). As a result, the ALJ found that Plaintiff was not under a disability at any time from November 1, 2004, through the date of the administrative decision (Tr. 33).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such

---

[2] Residual functional capacity is an assessment based on all relevant evidence of the most a claimant can do in a work setting despite any limitations that may result from his impairments. See 20 C.F.R. § 404.945(a)(1); Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id., quoting Bloodsworth v. Heckler, 703 F. 2d 1233, 1239 (11th Cir. 1983). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

At issue is whether the ALJ considered Plaintiff's applications under the correct legal standards. Plaintiff contends that because he was under eighteen years of age from his alleged onset date until December 23, 2011, the ALJ should have analyzed his claim for that time period using the standards pertaining to the children's SSI program under **Title XVI** of the Act. See 42 U.S.C. § 1382c(a)(3)(C)(i); 20 C.F.R. §§ 416.906, 416.924. The Commissioner disagrees, arguing that the ALJ correctly applied the standards relating to the children's disability program ("SSDI"), under **Title II** of the Act. See 42 U.S.C. § 402(d)(1); 20 C.F.R. § 404.350. The Commissioner is correct.

In evaluating a claim for SSI disability benefits made by a child under eighteen, the ALJ uses a three-step, sequential evaluation process. See 20 C.F.R. § 416.924(a). Under

this process, the ALJ evaluates: (1) whether the child is engaged in substantial gainful activity; (2) whether the child has a severe and medically determinable impairment or combination of impairments; and (3) whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment in the Listing of Impairments. 20 C.F.R. §§ 416.924(a)-(d); 416.926(a). In doing so, the ALJ considers "all relevant information," including evidence from medical and nonmedical sources, such as the child's parents and teachers. Id. § 416.926(a)(b)(3), (e)(1). At step three, to determine whether the child's impairments "functionally equal" a listed impairment, the ALJ looks at whether the child has "marked" limitations in at least two of six "broad areas of functioning" called domains, or an "extreme" limitation in one domain. Id. § 416.926(a), (b)(1), (d).[3]

Although Plaintiff was over the age of eighteen when he filed his applications, he argues that, as he was ten years old on his alleged onset date, the ALJ should have analyzed this portion of his application (from onset until he reached the age of eighteen) under the SSI child disability standard. Plaintiff is in error because this standard only applies to individuals who are under eighteen when they apply for benefits. The pertinent portion of 20 C.F.R. § 416.924, entitled "How we determine disability for children," provides:

> (f) If you attain age 18 **after you file your disability application** but before we make a determination or decision. For the period during which you are under age 18, we will use the rules in this section. **For the period starting with the day you attain age 18, we will use the disability rules we use for adults who file new claims, in § 416.920.**

---

[3] The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

20 C.F.R. § 416.924 (emphasis added). Further, 20 C.F.R. § 416.906 provides:

> § 416.906 Basic definition of disability for children.
>
> **If you are under age 18**, we will consider you disabled if you have a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months. Notwithstanding the preceding sentence, if you file a new application for benefits and you are engaging in substantial gainful activity, we will not consider you disabled. We discuss our rules for determining disability in children who file new applications in §§ 416.924 through 416.924b and §§ 416.925 through 416.926a.

(emphasis added).

As Plaintiff was over the age of eighteen when he filed his applications, his application for SSI was correctly reviewed as an application for childhood disability benefits under Title II of the Act (SSDI). As set forth in 20 C.F.R. § 404.350(a):

> § 404.350 Who is entitled to child's benefits?
>
> (a) General. You are entitled to child's benefits **on the earnings record of an insured person** who is entitled to old-age or disability benefits or who has died if -
>
> (1) You are the insured person's child, based upon a relationship described in §§ 404.355 through 404.359;
>
> (2) You are dependent on the insured, as defined in §§ 404.360 through 404.365;
>
> (3) You apply;
>
> (4) You are unmarried; and
>
> (5) You are under age 18; **you are 18 years old or older and have a disability that began before you became 22 years old**; or you are 18 years or older and qualify for benefits as a full-time student as described in § 404.367.

20 C.F.R. § 404.350(a) (emphasis added); see also 42 U.S.C. § 402(d)(1). The Commissioner evaluates a child's claim for SSDI under the same standards applicable to

adults applying on their own wage records - by employing the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a)(4). See 20 C.F.R. § 404.1505(a).[4] This is the standard the ALJ applied to Plaintiff's application,[5] and consequently, no error is shown.

Plaintiff also refers, in cursory fashion, to a December 29, 2004 Childhood Disability Evaluation Form completed by Dr. Dominic Marino (Tr. 277-280). This evaluation suggests that Plaintiff met the criteria for disability as a child (Brief at 10). To the extent Plaintiff is arguing that this evaluation somehow undermines the ALJ's finding of no disability with respect to Plaintiff's SSDI claim, I am not persuaded. As explained supra, the appropriate standard for evaluation of Plaintiff's application is the standard applicable to the evaluation of disability in adults, not children. Indeed, Plaintiff filed a claim and was awarded benefits as a child, but those benefits were terminated in April 2006 (Tr. 216). At the administrative hearing Plaintiff's attorney acknowledged this history and that Plaintiff's new application was "based on being an adult." (Tr. 46-47). Plaintiff has not explained how Dr. Marino's report applies to his current claim. As for Plaintiff's

---

[4] This section provides: "The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. To meet this definition, you must have a severe impairment(s) that makes you unable to do your past relevant work (see § 404.1560(b)) or any other substantial gainful work that exists in the national economy. If your severe impairment(s) does not meet or medically equal a listing in appendix 1, we will assess your residual functional capacity as provided in §§ 404.1520(e) and 404.1545. (See §§ 404.1520(g)(2) and 404.1562 for an exception to this rule.) We will use this residual functional capacity assessment to determine if you can do your past relevant work. If we find that you cannot do your past relevant work, we will use the same residual functional capacity assessment and your vocational factors of age, education, and work experience to determine if you can do other work. (See § 404.1520(h) for an exception to this rule.) We will use this definition of disability if you are applying for a period of disability, or disability insurance benefits as a disabled worker, or child's insurance benefits based on disability before age 22 or, with respect to disability benefits payable for months after December 1990, as a widow, widower, or surviving divorced spouse."

[5] With respect to Plaintiff's SSI claim, he is only eligible for SSI benefits from the date of his application. See 20 C.F.R. §§ 416.330, 416.335. Plaintiff was an adult when he filed that application.

SSI claim, consistent with the regulations, the ALJ considered "records for treatment that took place more than 12 months before the month in which the claimant applied for benefits" as longitudinal history (Tr. 28). Dr. Marino's report was issued in 2004 under the standards applicable to children and Plaintiff has not shown that it has any relevance to his 2014 adult claim. Thus, the ALJ did not err.

As the Commissioner's decision was made in accordance with proper legal standards and is supported by substantial evidence, it is due to be affirmed.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED** and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 27, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record